IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL ERIC HORNES,**

    **Plaintiff,**

v.                                                        **Civil action no. 3:06cv57**
                                                             **(Judge Bailey)**

**UNITED STATES OF AMERICA.**

    **Defendant.**

## REPORT AND RECOMMENDATION

On June 8, 2006, the pro se plaintiff, Michael Eric Hornes, filed this action under the Federal Tort Claims Act ("FTCA"). On October 18, 2006, the plaintiff was granted leave to proceed in forma pauperis. Upon preliminary review, the undersigned found that summary dismissal was not appropriate. Accordingly, an order was entered on October 20, 2006, directing the Clerk to issue a summons for each defendant.[1] On December 22, 2006, a Notice of Substitution was filed together with a Certification of Scope of Employment.[2] On December 26, 2006, an Order was signed substituting the United States as the sole defendant for those alleged acts or omissions of the Bureau of Prisons, J. Muller, and Officer

---

[1] As filed, the complaint named as defendants: the United States of America, the Bureau of Prisons, J. Muller, and Officer Feathers.

[2] "[The FTCA] immunizes a federal employee from liability for his "negligent or wrongful act[s] or omission[s]...while acting with the scope of his employment...28 U.S.C. §2679(b)(1)." Maron v. United States, 126 F.3d 317, 321 (4th Cir. 1997). However, an employee is not immune if the employee violated the United States Constitution or United States Statutes. 28 U.S.C. §2679(b)(2). When a federal employee is sued, the United States Attorney, acting on behalf of the Attorney General, must certify whether that employee was in fact acting within the scope of his or her employment at the time of the alleged incident. 28 U.S.C.§2679(d)(1). Once this certification is made, the United States is substituted as the sole defendant. Maron, 126 F.3d at 321.

Feathers.[3] On that same date, the United States of America filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment. On December 27, 2006, an Order was entered substituting the United States as the sole defendant for those alleged acts or omissions of the Bureau of Prisons, J. Muller, and Officer Feathers.[4] On December 27, 2006, a Roseboro Notice was issued. On January 31, 2007, the plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss. Accordingly, this matter is ripe for review.

## I. Factual Background

The plaintiff is a federal inmate, who is currently housed at a half-way house or Residential Release Center under the direction of the District of Columbia Community Corrections Management Office.[5] His projected release date is August 30, 2007.[6] At the time he filed the complaint in this matter, he was incarcerated at USP Hazelton, which is located in Bruceton Mills, West Virginia. However, the events of which the plaintiff complains occurred while he was incarcerated at FCI Gilmer, which is located in Glenville, West Virginia.

The plaintiff's complaint alleges that on November 29, 2004, a mail parcel arrived at FCI Gilmer through the US Postal Service, addressed to him. The plaintiff further alleges that although clearly

---

[3] The FTCA provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment. See 28 U.S.C. § 2679. Therefore, a federal agency, like the Bureau of Prisons, cannot be sued under the FTCA, and again, the only proper party defendant in this case is the United States of America.

[4] The FTCA provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment. See 28 U.S.C. § 2679. Therefore, a federal agency, like the Bureau of Prisons, cannot be sued under the FTCA, and again, the only proper party defendant in this case is the United States of America.

[5] See the Inmate Locator at the bop.gov website.

[6] Id.

marked "Legal Mail" from his Attorney-in-Fact, J. Muller and Officer Feathers confiscated the package. The plaintiff also alleges that he has never been given a Confiscation and Disposition of Contraband Form, nor has he been given just reason for the confiscation of his legal pleadings, legal documents, and legal reference material that were contained in the package.

On October 31, 2005, plaintiff filed an administrative claim with the US Department of Justice, which was forwarded to the Bureau of Prisons. In his claim, plaintiff alleged that J. Muller and Officer Feathers took his personal, private, legal property for public use without just compensation or due process causing him damage and injury. The plaintiff identified the property as legal pleadings, a Power of Attorney, an Administrative Law Book, and research. Pursuant to the FTCA, plaintiff sought damages in the amount of $300,000 for this property. (Dckt. 1-2, p. 3). On February 21, 2006, the Bureau of Prisons ("BOP") denied the claim. In so doing, the BOP noted that although the package in question was received from a person identifying herself as an attorney, pursuant to policy, staff checked the identify of the sender and were unable to verify the sender as an attorney. Because the mail did not meet the "legal mail" requirements, it was opened and inspected. The denial concludes by noting that the plaintiff was called to the mailroom and given the mail after being advised that it did not meet the legal mail requirements. (Dckt. 1-2, p. 19).

## II. The Complaint

In his complaint, the plaintiff alleges that his "legal mail" which arrived on November 29, 2004, was destroyed, stolen, confiscated, and/or misplaced by the defendants through negligent, willful, knowing, intentional, and voluntary violation of BOP policies, the Code of Federal Regulations, the United States Code, and the Constitution. As well, the plaintiff alleges that as a result, he has suffered the loss of property rightfully belonging to him and legally acquired. Furthermore, the plaintiff alleges that the legal materials that were taken are non-replaceable and had sentimental value, as well. The

3

plaintiff goes on to allege that obtaining the items that can be replaced/repurchased, can only be accomplished though "additional hard labor, loss of energy, loss of life force, and places plaintiff in a condition of slavery/involuntary servitude in an effort to earn/make/obtain the necessary monies to replace that which the Defendant(s) have taken and includes the loss of time, energy, and life force in reproducing those items that can be reproduced." As damages, the plaintiff seeks the sum certain of $300,000.00 for the "stress, anxiety, pain of mind, and incurred expenses, loss of time, energy, legal matters, and peace of mind from his attempts to correct these torts."

### III. Standard of Review

#### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

#### B. Motion for Summary Judgment

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

4

to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## IV. DISCUSSION

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA.

5

Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

The FTCA includes specific, enumerated exceptions in 28 U.S.C. § 2680. If an exception applies, the United States may not be sued, and litigation based upon an exempt claim is at an end. Smith v. United States, 507 U.S. 197 (1993); Dalehite, supra.

In this particular case, the plaintiff claims that the correctional officers working in the mail room intercepted a parcel addressed to him and never returned the contents to him. Title 28 U.S.C. § 2680 (b) provides that the waiver of sovereign immunity by the United States does not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matters. See Dolan v. United States Postal Service, 546 U.S. 481 (2006); Anderson v. United States Postal Serv., 761 F.2d 527 (9th Cir. 1985). As this exception applies to all claims arising out of the loss of postal matter, and is not limited to the U.S. Postal Service, the exception applies to the alleged facts in this case. See Ruiz v. United States, 160 F.3d 273 (5th Cir. 1998)(postal exception applies to claim based on BOP's failure to deliver a prisoner's mail). Accordingly, the plaintiff's complaint fails to state a claim for relief under the FTCA.

## V. **MOTION TO AMEND**

On February 8, 2007, the plaintiff filed a Motion for Leave to Amend his complaint. In his motion to amend, plaintiff seeks to add a Bivens claim against J. Muller and Officer Feathers. In support of his motion, Plaintiff asserts that he intended his complaint to include claims against the United States pursuant to the FTCA and claims against J. Muller and Officer Feathers under Bivens. However, plaintiff asserts that in his complaint, he inadvertently stated that his claims only arose pursuant to the FTCA, thus prompting the United States to be substituted as the sole defendant in this case. Accordingly, Plaintiff wishes to revive his claims against J. Muller and Officer Feathers by

adding constitutional claims against those defendants in their individual capacities pursuant to Bivens. Specifically, Plaintiff asserts that J. Muller and Officer Feathers deprived him of a liberty interest in his personal property.

As plaintiff notes, leave to amend should be freely given under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, the plaintiff's Motion to Amend should be granted. However, as discussed more fully, below, the Amended Complaint should be dismissed as frivolous.

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

In Deutsch v. United States, 67 F.3d 1080, 1081 (3rd Cir. 1995), the Third Circuit Court of Appeals found that "a Court may dismiss an in forma pauperis claim as frivolous if, after considering the contending equities, the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." Granting such authority to the district court under 28 U.S.C. § 1915 serves the *in forma pauperis* statute's "frequently overlooked purpose of providing the courts with a vehicle for conserving scarce judicial resources and assuring that resources are used in the most just manner possible." Id. at 1089

In determining whether a claim is frivolous, the court should make a two-step analysis. First, the court should compare the cost/recovery differential and determine whether the reasonable paying litigant would have been dissuaded from filing. Id. at 1088. "Accordingly, the court must first find

7

the actual amount in controversy under the claim presented and determine whether the amount in controversy is less than the expense of the court costs and filing fees." Id. at 1089-1090 (emphasis added). In addition, although the Third Circuit recognized "that some litigants request large sums for a monetary remedy," the Court found that the amount requested by the plaintiff "should be of no moment when a district court inquires as to whether a claim is economically trivial." Id. at 1089, n. 10.

Second, the Court should determine whether the litigant "has a nonmonetary interest at stake under the claim," which would warrant the allocation of the court's resources "despite the fact that the claim is economically trivial." Id. at 1090. If the actual amount in controversy is less than the court costs and filing fees, and the court is satisfied that there is no other meaningful interest at stake, then the suit should be dismissed as frivolous. Id.

In a similar vein, the United States Court of Appeal for the Fourth Circuit has held that courts may consider the *de minimus* value of a claim as one factor in applying the frivolity test of 28 U.S.C. § 1915(e)(2)(B)(I). Nagy v. FMC Butner, 376 F.3d 252, 257 (4th Cir. 2004). The Nagy court noted that Congress intended to confer "broad discretion on the district courts to police in forma pauperis filings," and that the frivolous inquiry ensured that federal resources would not be wasted on "baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." Id, at 255. While recognizing that amendments to the Prison Litigation Reform Act ("PLRA") changed the filing fee requirement to deferral of payment of filing fees rather than avoidance of the filing fee altogether, the Court nonetheless concluded that "the introduction of a deferred payment mechanism [should not] be mistaken for an implied congressional intention that this mechanism would be a panacea for excessive in forma pauperis litigation." Id. at 256. Finally,

the Court recognized that the primary goal is to ensure that the deferred payment mechanism "does not subsidize suits that prepaid administrative costs would otherwise have deterred." Id. at 257.

In this case, plaintiff seeks damages in the amount of $300,000 for his "injuries, damages, pain and suffering, loss of earnings/income/evidence of gain, loss of comfort, hinderance (sic) from petitioning the government, each and every constitutional violation/denial enumerated in Count 1 and Count 2, society, consortium and a denial of property under the color of law, by a conspiracy to deprive of liberty interests under the color of authority." However, even if the plaintiff's allegations are true,[7] and J. Muller and Officer Feathers confiscated plaintiff's package, marked "legal" mail, plaintiff's loss is *de minimus*.

As previously noted, the plaintiff identified the material contained in the package as legal pleadings, a Power of Attorney, an Administrative Law Book, and research. Clearly the monetary value of the items claimed to be confiscated is less than the $350.00 filing fee that a paying litigant would incur to file the same complaint.

The undersigned recognizes that the plaintiff asserts a claim for pain and suffering. However, under the PLRA, no inmate may bring any civil action against the United States or an employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury – whether he claims tort violation or constitutional violation. 42 U.S.C. § 1997e(e). See, e.g., Thompson v. Carter, 284 F.3d 411 (2d Cir. 2002); Harper v. Showers, 174 F.3d 716 (5th Cir. 1999); Oliver v. Keller, 289 F.3d 623 (9th Cir. 2002); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002).

---

[7]Attached to the defendant's Motion to Dismiss is the Declaration of Greg Feathers, which indicates that the BOP records establish that the parcel in question was issued to the plaintiff after it was opened and inspected.

Thus, because the undersigned finds that the actual amount in controversy is less than the filing fee, and that there is not other meaningful interests at stake,[8] it is recommended that the plaintiff's Amended Complaint be dismissed as frivolous.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Dckt. 21) be **GRANTED** and the complaint be **DISMISSED WITH PREJUDICE**. In addition, the undersigned recommends that plaintiff's Motion for Leave to File (Dckt. 27) be **GRANTED**, and the Amended Complaint be **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

---

[8]The undersigned notes that the plaintiff has sought several "declaratory statements" pertaining to his complaint. However, they simply request confirmation that he is entitled to the monetary damages he seeks, and are not the sort of declaratory or injunctive relief that can overcome the *de minimus* value of the plaintiff's monetary damages.

DATED: June 11, 2007

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE